(Rev. 12/1/15)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KANSAS ASSOC. FOR
MEDICALLY UNDERSERVED**,

                Plaintiff(s),

v.                                  Case No. **17-4005-DDC-KGG**

**HEALTH METRIC SYSTEMS, INC.**,

                Defendant(s).

## REVISED SCHEDULING ORDER

On July 19, 2017, the parties filed a Joint Motion to Extend Scheduling Order Deadlines (Doc. 14). For just cause shown, the Court will GRANT the requested extension and enter this Revised Scheduling Order.

**1.    Alternative Dispute Resolution (ADR).**

The parties have scheduled mediation with mediator Bill Sanders of Sanders, Warren, Russell & Scheer, LLP on September 28, 2017. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

1

**2.     Discovery.**

a.     The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.  In addition, such supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery.   The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.  The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.     All discovery in this case must be commenced or served in time to be completed by **October 16, 2017**.   Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of this case.  Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be

determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

    c.      The court considered / resolved the following discovery problem(s) raised by one or more of the parties: None.

    d.      Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows: Any ESI will be printed in hard copy form.

    e.      To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case [e.g., the *Susman* pretrial [trial] agreements, available at *http://www.trialbyagreement.com*]: Prior to filing a motion to compel discovery, the parties shall engage in good faith to resolve their dispute.  In the event the parties still disagree, they shall participate in a phone call with the Magistrate Judge in an attempt to resolve the dispute prior to filing the Motion to Compel.

    f.      No party may serve more than 30 interrogatories, including all discrete subparts, on any other party.

    g.      No more than 6 depositions may be taken by plaintiff, and no more than 6 depositions may be taken by defendant.  Each deposition must be limited to 6 hours.

All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/deposition-guidelines/*

      h.      The parties do consent to electronic service of disclosures and discovery requests and responses.   See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

      i.      The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.  Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).  Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or

objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.     Motions.**

a.     The parties have stipulated that no motions to dismiss will be filed in this case.

b.     All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **November 17, 2017**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

c.     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://www.ksd.uscourts.gov/summary-judgment/*

d.     All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993),

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by 42 days before trial.

  e. If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion.   But such a conference is not mandatory.

  f. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.   Otherwise, the objection to the default, response, answer, or objection is waived.   *See* D. Kan. Rule 37.1(b).

  g. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.   However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.   *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).   Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

  h. The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4.     Pretrial Conference, Trial, and Other Matters.**

a.     The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b.     Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is re-scheduled for **November 2, 2017 at 10:00 a.m.**, this pretrial conference may be conducted by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person.  Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.  No later than **October 16, 2017**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.  The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.  It must be in the form available on the court's website:

*http://www.ksd.uscourts.gov/flex/?fc=9&term=5062*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c.     The parties agree this will be a court trial which will require two trial days. This case will be tried in Topeka, Kansas.   This case is re-set for trial on the court's docket beginning on **August 7, 2018 at 9:00 a.m**.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket

setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial. The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

d. The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

e. This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated August 7, 2017, at Wichita, Kansas.

S/ KENNETH G. GALE
KENNETH G. GALE
U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS ||
| Event | Deadline/Setting |
| --- | --- |
| Plaintiff's settlement proposal | |
| Defendant's settlement counter-proposal | |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | |
| Mediation completed with mediator Bill Sanders | 9/28/2017 |
| Supplementation of initial disclosures | |
| All discovery completed | 10/16/2017 |
| Experts disclosed by plaintiff | |
| Experts disclosed by defendant | |
| Rebuttal experts disclosed | |
| Physical and mental examinations | n/a |
| Jointly proposed protective order submitted to court | Filed Doc. 10 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | |
| Motions to dismiss | None |
| Motions to amend | Deadline passed |
| All other potentially dispositive motions (e.g., summary judgment) | 11/17/2017 |
| Comparative fault identification | n/a |
| Status conference | |
| Proposed pretrial order due | 10/26/2017 |
| Pretrial conference | 11/2/2017 at 10:00 a.m. |
| Bench Trial | 8/7/2018 at 9:00 a.m. |